UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-201-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAMERON JAMOND HALLMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 26). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I. BACKGROUND

On July 24, 2018, Defendant pleaded guilty to one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). According to the Factual Basis, Defendant and his cousin committed armed robberies of two fast food restaurants on the morning of April 11, 2018. At the time of the robberies, Defendant was on supervised release from a prior Hobbs Act robbery conviction in this district in 2012, for which he was sentenced to 114 months of imprisonment and was released on December 15, 2017.

On July 8, 2019, Defendant was sentenced to 180 months of imprisonment, significantly below the applicable 357- to 371-month guideline range, pursuant to a departure. See (Doc. Nos.

-1-

21, 24). Defendant also benefited from the plea agreement's dismissal of the second count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), which would have subjected him to an additional mandatory 25-year sentence. Defendant has served approximately 32 months (18%) of his sentence. (Id.). His current projected good time release date is February 9, 2031, and his full-term release date is April 28, 2033. (Id.).

Defendant is 28 years old and suffers from hypertension and type II diabetes mellitus. FCI Williamsburg, where Defendant is incarcerated, currently has 38 active inmate COVID-19 cases and 8 active staff COVID-19 cases. See Federal Bureau of Prisons, COVID-19 Home Confinement Information, at https://www.bop.gov/coronavirus/.

On or about October 25, 2020, Defendant submitted an informal compassionate release request to the warden of his facility based on concerns about COVID-19. The request was denied on November 20, 2020. On December 14, 2020, Defendant filed the pending motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the ground that he is at high risk of developing serious illness from COVID-19 due to his health conditions. According to Defendant's BOP case manager, BOP has not considered Defendant as a candidate for home confinement.

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to

establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-3-

serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these

-4-

Case 3:18-cr-00201-MOC-DCK    Document 35    Filed 01/25/21    Page 4 of 7

circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant suffers from type II diabetes, which the CDC recognizes as one of the medical conditions that renders a person at a higher risk of severe illness from COVID-19. Defendant's request for a sentence reduction will be denied despite his medical condition because he has failed to demonstrate that he is not a danger to the safety of the community or that he otherwise merits release under the § 3553(a) factors.  The evidence before the Court cannot support a finding that Defendant would not pose a danger to the community if released. Defendant committed two armed robberies about four months after being released from a 114-month sentence for committing nine armed robberies.  See United States v. Hallman, Case No. 3:11-cr-161 (W.D.N.C. 2011).  Defendant's criminal history immediately before this case demonstrates that his serving less than three years of imprisonment cannot have been sufficient to ensure he will not reoffend.  In addition, the § 3553(a) factors greatly disfavor a sentence reduction.  Defendant's current 180-month sentence is significantly below the 357- to 371-month guideline range applicable to his offense level and criminal history.  Releasing Defendant after having served only 32 months of this significantly reduced sentence "would make a mockery of the considerations enumerated in 18 U.S.C. 3553(a).  It would not come close to reflecting the seriousness of the offense or providing just punishment for the offense. Moreover, rather than promoting respect for the law and its deterrent effect, it would undermine it." United States v.

Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (denying release of defendant who had served about three years on eight-year armed robbery conviction); see also United States v. Jankee, No. 3:12-CR348-MOC-1, 2020 WL 6140448, at *4 (W.D.N.C. Oct. 19, 2020) (denying compassionate release for inmate suffering from obesity and hypertension who had only served 96 months of 180-month sentence; stating, "[r]eleasing Defendant after serving around 62.5% of his statutory term sentence (and only 53.3% of his full term) would result in a sentence that failed to reflect the serious nature of this offense or provide just punishment").

Because Defendant's time served is also well short of the statutory seven-year minimum sentence for brandishing a firearm required by 18 U.S.C. § 924(c), his early release would also fail to provide just punishment and would result in an unwarranted sentencing disparity compared to similarly situated defendants. "[T]he presence of [a mandatory minimum] sentence is indicative of the seriousness of the offense and ought to be considered when determining whether the goals of punishment and deterrence have been fulfilled. United States v. Goodall, No. 13-cr-0668, 2020 WL 4262277, at *4 (D. Md. July 24, 2020) (denying compassionate release for inmate suffering from COVID-19 risk factors who had not yet served ten years of 156-month sentence on drug conviction).

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 26), is **DENIED**.

Signed: January 25, 2021

Max O. Cogburn Jr
United States District Judge